**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

PABLO CALVILLO-PALACIOS,
*Defendant-Appellant.*

No. 16-10039

D.C. No.
4:14-cr-01981-
JGZ-LAB-1

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

PABLO CALVILLO-PALACIOS,
*Defendant-Appellant.*

No. 16-10077

D.C. No.
4:15-cr-50035-
JGZ-LAB-1

OPINION

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted May 11, 2017[*]
Pasadena, California

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Filed June 28, 2017

Before:  Diarmuid F. O'Scannlain and John B. Owens, Circuit Judges, and Dana L. Christensen,** Chief District Judge.

Opinion by Judge O'Scannlain;
Concurrence by Judge Owens

**SUMMARY***

**Criminal Law**

The panel affirmed a sentence for illegal reentry after deportation, and dismissed an appeal from the revocation of supervised release and the revocation sentence.

The defendant contended that the district court erred by applying a 16-level crime-of-violence enhancement to his illegal reentry sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his prior conviction for aggravated assault under Texas Penal Code §§ 22.01 and 22.02.  The parties did not dispute that the defendant committed a simple assault in violation of § 22.01(a)(2), which became aggravated assault by application of § 22.02(a).  The panel held that aggravated assault is a crime of violence under the element prong of § 2L1.2(b)(1)(A)(ii)

---

** The Honorable Dana L. Christensen, United States Chief District Judge for the District of Montana, sitting by designation.

*** This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

because both means of committing aggravated assault—(1) causing serious bodily injury and (2) using or exhibiting a deadly weapon—entail the use of violent, physical force.

The panel held that the defendant waived his ability to contest the supervised release revocation and the revocation sentence by raising no issue and arguments in this regard in his opening brief.

Concurring, Judge Owens referred the reader to his concurrence in *United States v. Perez-Silvan*, Nos. 16-10177, 16-10205 (9th Cir. 2017).

---

### COUNSEL

Myrna R. Beards, Law Office of Myrna R. Beards, Tucson, Arizona, for Defendant-Appellant.

Erica Anderson McCallum, Assistant United States Attorney; Robert L. Miskell, Appellate Chief; United States Attorney's Office, Tucson, Arizona; for Plaintiff-Appellee.

**OPINION**

O'SCANNLAIN, Circuit Judge:

We must decide whether a "crime of violence" sentencing enhancement to a sentence for illegal reentry after deportation can be based on a prior Texas state conviction for aggravated assault.

I

Pablo Calvillo-Palacios, a native and citizen of Mexico, was indicted in the District of Arizona for illegal reentry after deportation in violation of 8 U.S.C. § 1326, enhanced by § 1326(b)(2), on December 3, 2014. He had been found walking north of the Mexican border near Douglas, Arizona after having been deported from Laredo, Texas. He pled guilty to the indictment without a plea agreement.

On March 3, 2015, the United States transferred a motion (previously filed in the Southern District of Texas) to the District of Arizona to revoke Calvillo-Palacios's supervised release for a previous illegal reentry conviction[1] on the grounds that he had violated the terms of supervision. Calvillo-Palacios appeared with counsel and admitted to the allegations contained in the government's motion to revoke.

At sentencing, the district court found that Calvillo-Palacios's advisory guideline range was 70–87 months' imprisonment for the illegal reentry violation, based on a criminal history category of V and a total offense level of

---

[1] On June 15, 2009, Calvillo-Palacios pled guilty in the Southern District of Texas to illegal reentry in violation of 8 U.S.C. § 1326(b)(2). He was sentenced to a term of imprisonment of three years followed by three years of supervised release.

twenty-one, which was calculated using a base offense level of eight with a sixteen-level prior conviction enhancement, and a three-level reduction for acceptance of responsibility. The sixteen-level sentencing enhancement, was pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) which applies if a defendant was deported after, *inter alia*, "a conviction for a felony that is ... a crime of violence."[2] Calvillo-Palacios's enhancement was based on his prior felony aggravated assault conviction in 2005 in violation of Texas Penal Code §§ 22.02 and 22.01.

Calvillo-Palacios contested the sixteen-level enhancement, maintaining that the Texas aggravated assault statute of conviction was overbroad and thus could not qualify as a crime of violence. The district court rejected his argument and imposed the sixteen-level enhancement. After granting a downward variance, it sentenced Calvillo-Palacios to fifty-four months of imprisonment followed by three years of supervised release for the illegal reentry violation.

For the supervised release violation, the district court revoked Calvillo-Palacios's supervised release and sentenced him to an additional twelve months imprisonment, with six months to run concurrently and six months to run consecutively to the illegal reentry violation.

Calvillo-Palacios timely appealed.

---

[2] Calvillo-Palacios was sentenced under the 2015 version of the Sentencing Guidelines, so all references to the Guidelines in this opinion refer to that version. The Guidelines have since been amended, removing subsection § 2L1.2(b)(1)(A)(ii), and now base enhancements on the length of a prior sentence. *See* U.S.S.G. § 2L1.2(b) (2016).

## II

Calvillo-Palacios contends that the district court erred by concluding that his conviction for aggravated assault under Texas Penal Code §§ 22.01 and 22.02 was a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii).[3]

## A

To determine whether a prior state conviction qualifies as a crime of violence, we employ the categorical approach set out by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 602 (1990). Thus, we ask whether the statute of conviction "is categorically a crime of violence by assessing whether the 'full range of conduct covered by [the statute] falls within the meaning of that term.'" *United States v. Grajeda*, 581 F.3d 1186, 1189 (9th Cir. 2009) (alteration in original) (quoting *United States v. Juvenile Female*, 566 F.3d 943, 946 (9th Cir. 2009)). A statute of conviction that punishes conduct that is not covered by the federal definition of a "crime of violence" cannot be a "crime of violence." *United States v. Benally*, 843 F.3d 350, 352 (9th Cir. 2016).

---

[3] We review Calvillo-Palacios's sentence for plain error. Although Calvillo-Palacios objected to the application of the sixteen-level crime of violence enhancement below, he did so on the basis of a different theory (arguing that the statute was indivisible and overbroad because it contained a mental state of recklessness). *See United States v. Pimentel-Flores*, 339 F.3d 959, 967 (9th Cir. 2003) ("[W]here a party fails to raise an objection below, an appellate court may entertain such an objection 'when plain error has occurred and an injustice might otherwise result.'" (quoting *United States v. Flores-Payon*, 942 F.2d 556, 558 (9th Cir. 1991))). Nonetheless, whether a prior conviction qualifies as a crime of violence under U.S.S.G. § 2L1.2(b) is reviewed *de novo*. *United States v. Guzman-Mata*, 579 F.3d 1065, 1068 (9th Cir. 2009).

If the statute does not qualify as a categorical "crime of violence," we ask whether it is "a so-called 'divisible statute.'" *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2014). A statute is "divisible" if it lists "multiple alternative elements" as opposed to "various factual means of committing a single element." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).

Where a statute is divisible, we apply the "modified categorical approach" under which we "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative element formed the basis of the defendant's prior conviction." *Descamps*, 133 S. Ct. at 2281. Then we "do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime." *Id.*

B

In relevant part, Texas Penal Code § 22.02, which defines aggravated assault, provides that:

> (a) A person commits an offense if the person commits assault as defined in § 22.01 and the person:
>
> (1) causes serious bodily injury to another, including the person's spouse; or
>
> (2) uses or exhibits a deadly weapon during the commission of the assault.

And, Texas Penal Code § 22.01 defines simple assault such that:

> (a) A person commits an offense if the person:
>
>> (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;
>>
>> (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or
>>
>> (3) intentionally or knowingly causes physical contact with another when the persons knows or should reasonably believe that the other will regard the contact as offensive or provocative.

The Texas Court of Criminal Appeals has held that § 22.02(a) provides two "*means* of committing aggravated bodily assault." *Landrian v. State*, 268 S.W.3d 532, 538 (Tex. Crim. App. 2008) (emphasis added). In contrast, § 22.01(a) lists "three separate and distinct assaultive crimes." *Id.* at 536; *see also Marinos v. State*, 186 S.W.3d 167, 174–75 (Tex. App. 2006). Thus, as the parties agree, under *Mathis*, 136 S. Ct. at 2256, § 22.01(a) is divisible, but § 22.02(a) is indivisible.

Turning to the charging documents for Calvillo-Palacios's aggravated assault conviction, the indictment alleged that he "intentionally and knowingly threaten[ed] [the victim] with imminent bodily injury . . . and did use and exhibit a deadly weapon to-wit: a FIREARM AND A KNIFE, during the commission of the assault." Thus, there

is no dispute that Calvillo-Palacios committed a simple assault in violation of § 22.01(a)(2) ("intentionally or knowingly threaten[ing] another with imminent bodily injury"), which became aggravated assault by application of § 22.02(a).

C

While the parties do not debate the contours of Calvillo-Palacios's statute of conviction, they do contest whether § 22.02(a) qualifies as a crime of violence.[4] Under U.S.S.G. § 2L1.2(b)(1)(A)(ii), a conviction is a crime of violence "if it either (1) constitutes one of the crimes listed in the 'enumerated offense' prong of the definition, or (2) 'has an element the use, attempted use, or threatened use of physical force against the person of another' under the definition's second clause, referred to as the 'element' prong or test." *Grajeda*, 581 F.3d at 1189–90 (quoting U.S.S.G. § 2L1.2 cmt. n.1(B)(iii)).

1

Calvillo-Palacios argues that by its plain language the Texas statute fails the element prong because it does not require "the use, attempted use, or threatened use of physical force against the person of another." § 2L1.2 cmt. n.1(B)(iii).

---

[4] At the outset, we reject the government's contention that Calvillo-Palacios conceded that his aggravated assault conviction was a crime of violence. Calvillo-Palacios vigorously contested the application of the sixteen-level crime of violence sentencing enhancement (albeit on different grounds) in district court, and when he acknowledged that an eight-level enhancement might apply, it is not clear what the basis for this concession was. Further, this court is "not bound by a party's concession as to the meaning of the law." *United States v. Ogles*, 440 F.3d 1095, 1099 (9th Cir. 2006) (en banc).

Texas Penal Code § 22.01(a)(2) penalizes "intentionally or knowingly threatening another with imminent *bodily injury*," and Texas Penal Code § 22.02(a)(1) penalizes the causation of "serious *bodily injury*," but neither provision says anything explicitly about the use of force. (emphasis added). Calvillo-Palacios maintains that the terms "bodily injury" and "physical force" are "not synonymous or interchangeable" and thus his statute of conviction cannot qualify as a crime of violence.

While Calvillo-Palacios's argument might be persuasive in other circuits,[5] we have already rejected it, repeatedly holding that threat and assault statutes necessarily involve the use of violent, physical force. Thus, in a case remarkably similar to this one, *United States v. Juvenile Female*, 566 F.3d at 947–48, we concluded that 18 U.S.C. § 111(b), which provided a harsher penalty for "assault involving a deadly or dangerous weapon or resulting in bodily injury," was a crime of violence under 18 U.S.C. § 16(a).[6] *Id.* at 947 (quoting *United States v. Vallery*, 437 F.3d 626, 630 (7th Cir. 2006)). We explained that a defendant charged with "assault resulting in bodily injury, *necessarily* must have committed

---

[5] Calvillo-Palacios is correct that other circuits have found that statutes which criminalize causation of bodily injury are not crimes of violence because someone could be injured without the use of physical force—poisoning is a prototypical example. *See, e.g.*, *Whyte v. Lynch*, 807 F.3d 463, 467–72 (1st Cir. 2015); *United States v. Torres-Miguel*, 701 F.3d 165, 167–71 (4th Cir. 2012); *United States v. Villegas-Hernandez*, 468 F.3d 874, 879–82 (5th Cir. 2006); *United States v. Perez-Vargas*, 414 F.3d 1282, 1285–87 (10th Cir. 2005); *Chrzanoski v. Ashcroft*, 327 F.3d 188, 192–96 (2d Cir. 2003).

[6] 18 U.S.C. § 16(a) defines a "crime of violence" as "an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another"—an almost identical definition to the one provided in U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

an act of force in causing the injury." *Id.* at 948 (emphasis added).

Similarly, in *United States v. Villavicencio-Burruel*, 608 F.3d 556, 561–63 (9th Cir. 2010), we concluded that California Penal Code § 422, which criminalized "willfully threaten[ing] to commit a crime which will result in death or great bodily injury to another person," was categorically a crime of violence under § 2L1.2(b)(1)(A)(ii). In *United States v. Melchor-Meceno*, 620 F.3d 1180, 1184 (9th Cir. 2010), we held that Colorado Revised Statutes § 18-3-206, which penalized "knowingly plac[ing] or attempt[ing] to place another person in fear of imminent serious bodily injury" by "any threat or physical action," was a crime of violence "under the element prong of U.S.S.G. § 2L1.2." We observed that "[i]t is impossible to conceive of a situation involving fear of imminent serious bodily injury without a threat of force." *Id.* at 1185. Likewise, in *United States v. Cabrera-Perez*, 751 F.3d 1000, 1007 (9th Cir. 2014), we determined that Arizona Revised Statutes § 13-1203(A)(2), was a crime of violence under 18 U.S.C. § 16(a). We reasoned that "[i]ntentionally placing another person in reasonable apprehension of imminent physical injury," "has as an element 'the use, attempted use, or threatened use of physical force against the person or property of another.'" *Id.* (quoting 18 U.S.C. § 16(a)). Most recently, in *Arellano Hernandez v. Lynch*, 831 F.3d 1127, 1130–32 (9th Cir. 2016), we reaffirmed that California Penal Code § 422 is a crime of violence, explicitly rejecting the reasoning of the Fourth and Fifth Circuits to the contrary.[7]

---

[7] Indeed, our holdings in *Arellano Hernandez* and *Villavicencio-Burruel* are in direct conflict with the Fourth Circuit's holding in *Torres-*

Even more importantly, *Arellano Hernandez* noted the Supreme Court's reasoning in *United States v. Castleman*, 134 S. Ct. 1405 (2014), which disposes of the idea that one could knowingly or intentionally cause bodily injury without the use of *some type* of physical force.[8] 831 F.3d at 1131. *Castleman* explicitly rejected the poison hypothetical frequently employed by other circuits—the notion that one could cause bodily harm without using physical force by administering poison. *See* 134 S. Ct. at 1415. According to the Court, "'use of force' . . . is the act of employing poison knowingly as a device to cause physical harm." *Id.* It "does not matter," that "the harm occurs indirectly, rather than directly (as with a kick or punch)." *Id.* "'[B]odily injury' must result from 'physical force.'" *Id.* at 1414.

Although the Supreme Court reserved the question of whether bodily injury requires violent, physical force of the type required by U.S.S.G. § 2L1.2, *Castleman*, 134 S. Ct. at 1413, our court has already addressed the issue—in the context of assault statutes, bodily injury entails the use of

---

*Miguel*, 701 F.3d at 167–71, which concluded that California Penal Code § 422 is not a crime of violence.

[8] *Castleman* dealt with the common law definition of physical force, which can be satisfied by a mere touching. *Id.* at 1413. In *Johnson v. United States*, 559 U.S. 133, 140 (2010), the Court held that in the context of 18 U.S.C. § 16 (and thus U.S.S.G. § 2L1.2) "'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person," more than an offensive touch. In *Castleman* the Court explicitly declined to reach the question of whether "the causation of bodily injury necessarily entails violent force." 134 S. Ct. at 1413. *Castleman* soundly rejects the idea, however, that bodily injury can occur without *some type* of physical force. *Id.* at 1414. And taken together, *Castleman* and *Johnson* might appear to suggest that bodily injury entails violent force.

violent, physical force as *Juvenile Female*, *Villavicencio-Burruel*, *Melchor-Meceno*, *Cabrera-Perez*, and *Arellano Hernandez* demonstrate.[9]

### 2

Calvillo-Palacios next argues that Texas law defines bodily injury in such a way that it does not require the violent, physical force necessitated by *Johnson*, 559 U.S. at

---

[9] Calvillo-Palacios's reliance on the Supreme Court's opinion in *Leocal v. Ashcroft*, 543 U.S. 1 (2004), is not to the contrary. While *Leocal* made it plain that merely causing "serious bodily injury" is not enough to make an act a crime of violence, it reached this conclusion on the basis of *mens rea*. *Id.* at 9–11. The Court held that accidental or negligent behavior is not sufficient to violate 18 U.S.C. § 16(a) (and thus U.S.S.G. § 2L1.2). *Id.* at 9–10. There is no question that the Calvillo-Palacios's statute of conviction, Texas Penal Code § 22.01(a)(2), applies only to intentional or knowing behavior.

Notably, outside the context of knowing or intentional behavior, we have found that statutes which penalize the causation of bodily injury do not qualify as crimes of violence. *See United States v. Hernandez-Castellanos*, 287 F.3d 876, 879–81 (9th Cir. 2002) (determining that Arizona statute which criminalized "recklessly endangering another person with substantial risk of imminent death or physical injury" did not require "a risk that physical force will be used against another" under 18 U.S.C. 16(b)); *see also United States v. Lopez-Patino*, 391 F.3d 1034, 1037–38 (9th Cir. 2004) (per curiam) (concluding that Arizona statute which penalized "caus[ing] a child . . . to suffer physical injury or abuse" was overbroad for purposes of U.S.S.G. § 2L1.2(b)(1)(A) but finding under the modified categorical approach that intentional or knowing conduct in violation of the statute was a crime of violence).

While one could read *Hernandez-Castellanos* and *Lopez-Patino* as supporting the proposition that bodily injury can be caused without the use of violent, physical force, the endangerment and child abuse statutes at issue in those cases are distinct from the threat and assault statutes at issue in *Juvenile Female*, *Villavicencio-Burruel*, *Melchor-Meceno*, *Cabrera-Perez*, *Arellano Hernandez*, and this case.

140. Texas Penal Code § 1.07(a)(8) defines "[b]odily injury" as "physical pain, illness, or any impairment of physical condition." Calvillo-Palacios maintains that the last definition, "impairment of physical condition," could occur without violent, physical force.

Yet, even assuming that Calvillo-Palacios is correct, he ignores the fact that he was convicted not merely of simple assault in violation of Texas Penal Code § 22.01(a)(2) but also of aggravated assault in violation of Texas Penal Code § 22.02(a).

Section 22.02(a)(1) requires an assault that "causes *serious* bodily injury to another." (emphasis added). Texas Penal Code § 1.07(a)(46) defines "[s]erious bodily injury" as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." Obviously, such injury is significantly greater than mere "impairment of physical condition." Since under *Johnson*, 559 U.S. at 143, a simple slap can qualify as violent, physical force, there is no question that a simple assault which is aggravated by *means* of serious bodily injury under § 22.02(a)(1) is a crime of violence.

3

Calvillo-Palacios also contends that an aggravated assault committed by "use or exhibition of a deadly weapon" under § 22.02(a)(2) is not a crime of violence. However, we have repeatedly found that threats involving deadly weapons qualify as crimes of violence.

For example, in *Camacho-Cruz v. Holder*, 621 F.3d 941 (9th Cir. 2010), we explained that "[a]ssault with a deadly weapon . . . *necessarily* entails the threatened use of force

against the person of another." *Id.* at 943 (emphasis added). Thus, we held that Nevada Revised Statutes § 200.471, which prohibits "intentionally placing another person in reasonable apprehension of immediate bodily harm" and adds a penalty enhancement "[i]f the assault is made with the use of a deadly weapon or the present ability to use a deadly weapon," is categorically a crime of violence under 18 U.S.C. § 16(a). *Id.* at 942–43.

*Camacho-Cruz* soundly rejected the idea that one must actually harm someone with a deadly weapon in order for there to be violent, physical force:

> [T]he defendant, by using a deadly weapon, intentionally create[s] in another person a reasonable fear of immediate bodily harm. Contrary to Petitioner's assertions, whether the defendant actually intends to harm the victim or whether any harm does, in fact, result is irrelevant. Section 16(a) does not require an actual application of force or an injury to the victim. Rather, the threatened use of force is sufficient for a crime to constitute a crime of violence.

*Id.* at 943; *see also Juvenile Female*, 566 F.3d at 947–48 (holding that a "threat to inflict injury upon the person of another," which involves "a deadly or dangerous weapon," under 18 U.S.C. § 111(b) "always 'threaten[s] [the] use of physical force'" (quoting *United States v. Chapman*, 528 F.3d 1215, 1219–20 (9th Cir. 2008); 18 U.S.C. § 16(a))).

While Calvillo-Palacios further attempts to distinguish § 22.02(a)(2) by pointing out that it penalizes "using *or exhibiting* a deadly weapon," he misconstrues Texas law.

Calvillo-Palacios maintains that "exhibit" is broader than "use." But, interpreting § 22.02(a)(2), the Texas Court of Appeals has remarked that while one "can use a deadly weapon without exhibiting it," "it is doubtful one can exhibit a deadly weapon during the commission of a felony without using it." *Campbell v. State*, 128 S.W.3d 662, 672 (Tex. App. 2004) (quoting *Patterson v. State*, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989) (en banc)), *overruled on other grounds by Brumbalow v. State*, 432 S.W.3d 348 (Tex. App. 2014). Thus, Calvillo-Palacios's attempt to differentiate between "use" and "exhibit" fails.

There is no question that the second means of committing an aggravated assault under § 22.02(a)—using or exhibiting a deadly weapon—constitutes a crime of violence.

## D

Thus, although § 22.02(a) is indivisible, both means of committing an aggravated assault under this subsection— (1) causing serious bodily injury or (2) using or exhibiting a deadly weapon—entail the use of violent, physical force. Aggravated assault under Texas Penal Code § 22.02(a) is a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii).[10]

## III

Although Calvillo-Palacios also appealed the district court's revocation of his supervised release and the sentence

---

[10] Because we hold that Texas Penal Code § 22.02(a) is a crime of violence under the element prong, there is no need to address the government's argument that it is also a crime of violence under the enumerated offense prong.

imposed for violating the terms of this release (No. 16-10077), he raised no issue and no arguments in his opening brief in this regard. Federal Rule of Appellate Procedure 28(a) requires a party's opening brief to contain "a statement of the issues presented for review," and an "argument . . . [with] appellant's contentions and the reasons for them." Thus, Calvillo-Palacios has waived his ability to contest the district court's revocation of his supervised release, *see Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief."), and the appeal must be dismissed. *See* Ninth Circuit Rule 42-1.

IV

No. 16-10039 is **AFFIRMED** and No. 16-10077 is **DISMISSED**.

---

OWENS, Circuit Judge, concurring:

I fully join Judge O'Scannlain's opinion. I refer the reader to my concurrence in *United States v. Perez-Silvan*, Nos. 16-10177, 16-10205 (9th Cir. 2017).