**NOT FOR PUBLICATION**

**FILED**

AUG 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-35317 |
| Plaintiff-Appellee, | D.C. Nos.   2:16-cv-00083-WFN |
| v. | 2:11-cr-00151-WFN |
| LEONA LOUISE SUTTON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Argued and Submitted July 10, 2017
Seattle, Washington

Before:  TASHIMA and NGUYEN, Circuit Judges, and WALTER,** District
Judge.

Leona Sutton appeals the district court's denial of her 28 U.S.C. § 2255

motion to vacate her sentence for Assault with a Dangerous Weapon with Intent to

Do Bodily Harm.  We have jurisdiction, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Donald E. Walter, United States District Judge for the
Western District of Louisiana, sitting by designation.

Sutton contends that the district court improperly determined that her conviction for Assault with a Dangerous Weapon with Intent to Do Bodily Harm, 18 U.S.C. § 113(a)(3), was categorically a crime of violence under 18 U.S.C. § 924(c)(3). In order to prevail, Sutton is required to show a "a realistic probability, not a theoretical possibility" that § 113(a)(3) could be applied to conduct that does not constitute a crime of violence. *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007); *see also Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684-85, (2013) (noting that the inquiry into the least culpable conduct criminalized by the statute "is not an invitation to apply 'legal imagination'"). To show "realistic probability," Sutton "must at least point to [her] own case or other cases in which" courts applied "the statute in the special (nongeneric) manner for which [s]he argues." *Duenas-Alvarez*, 549 U.S. at 193.

Sutton has failed to point to any realistic examples of the application of § 113(a)(3) to conduct that does not constitute a crime of violence. Section 113(a)(3) requires the government to show that a defendant assaulted a victim with a dangerous weapon with *intent* to inflict bodily harm *and* reasonably caused the victim to fear immediate bodily harm. Ninth Circuit Manual of Model Criminal Jury Instruction 8.7. Therefore, all culpable conduct criminalized under § 113(a)(3) requires the use, attempted use, or threatened use of violent force. *See United States v. Calvillo-Palacios*, 860 F.3d 1285, 1292 (9th Cir. 2017) ("[W]e

have repeatedly found that threats involving deadly weapons qualify as crimes of violence.").

Moreover, we have already held that "assault involving a deadly or dangerous weapon or resulting in bodily injury" is categorically, a crime of violence." *United States v. Juvenile Female*, 566 F.3d 943, 947 (9th Cir. 2009) (quoting 18 U.S.C. § 111). In *Juvenile Female*, we reasoned that "assault with a deadly or a dangerous weapon, must [always threaten the use of physical force] because [the defendant] will have either made a willful attempt to inflict injury or a threat to inflict injury, with an object that may endanger the life of or inflict great bodily harm on a person." *Id.* at 948 (citations and quotations omitted); *see also Calvillo-Palacios*, 860 F.3d at 1291 ("[O]ur court has already [concluded that] in the context of assault statutes, bodily injury entails the use of violent, physical force as *Juvenile Female* [and other cases] demonstrate."). Accordingly, Assault with a Dangerous Weapon with Intent to Do Bodily Harm, 18 U.S.C. § 113(a)(3), is categorically a crime of violence under 18 U.S.C. § 924(c)(3).

Because we conclude that Assault with a Dangerous Weapon with Intent to Do Bodily Harm, 18 U.S.C. § 113(a)(3), is categorically a crime of violence, we need not reach Sutton's arguments about the residual clause in § 924(c)(3).

**AFFIRMED.**