NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WENCESLAO CHALE MOO, AKA Chale Wenceslac,<br><br>          Petitioner,<br><br>     v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>          Respondent. | No.    14-71906<br><br>Agency No. A92-403-968<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2018**
San Francisco, California

Before:  N.R. SMITH and FRIEDLAND, Circuit Judges, and LYNN,*** Chief
District Judge.

---

          *          This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

          **          The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

          ***          The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

The Board of Immigration Appeals (BIA) denied Petitioner Wenceslao Chale Moo's motion to reconsider. Petitioner seeks review of the denial, in which the BIA found that Petitioner was ineligible for a discretionary waiver of deportation under the former Immigration and Nationality Act § 212(c). We review BIA decisions on motions to reconsider for abuse of discretion and reverse only if the BIA acted arbitrarily, irrationally, or contrary to law. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We have jurisdiction pursuant to 8 U.S.C. § 1252.

We deny the petition because the BIA did not err in finding that Petitioner is ineligible for § 212(c) relief. An alien who is convicted of an aggravated felony after April 24, 1996, and whose deportation proceedings begin after this date, is ineligible for § 212(c) relief. *See* Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 440(d), 110 Stat. 1214, 1277 (1996). On February 5, 1997, Petitioner entered a plea of no contest to a charge of assault with a deadly weapon causing great bodily injury, which is an aggravated felony. *See United States v. Calvillo-Palacios*, 860 F.3d 1285, 1292 (9th Cir. 2017). His deportation proceedings commenced in March 1998. Accordingly, the BIA did not act arbitrarily, irrationally, or contrary to law. *See also Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1054 (9th Cir. 2005).

**PETITION DENIED.**