**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2507
_____

UNITED STATES OF AMERICA

v.

HENG KHIM,

Appellant
_____

On Appeal from the United States District Court for the
Eastern District of Pennsylvania
(D.C. No. 16-cr-00245-001)
District Judge:  Hon. Jan E. DuBois

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 11, 2018

Before:  CHAGARES, GREENBERG, and FUENTES, Circuit Judges.

(Filed September 4, 2018)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

Heng Khim appeals from his sentence following a guilty plea for distributing controlled substances and possessing a firearm, in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(C), 922(g)(1), 922(g)(5)(A). At sentencing, over Khim's objection, the District Court found that Khim was a career offender under the Sentencing Guidelines, and thus sentenced him to a term of 100 months of imprisonment. Khim argues that the District Court erred in so determining, because his prior conviction for first-degree felony robbery under Pennsylvania law is not "a crime of violence" under the Sentencing Guidelines. We disagree, and will affirm the sentence set by the District Court. Khim also argues that the District Court erroneously determined that it did not have the authority to order this his sentence run concurrently with his yet-to-be-imposed state sentence. Because we agree, we will remand only for the District Court to consider whether to order a concurrent or consecutive sentence.

I.

We write solely for the parties and therefore recite only the facts necessary to our disposition. Following an undercover investigation during which government informants obtained narcotics from Khim, Khim was arrested and a search warrant recovered a handgun, ammunition, and drug paraphernalia from his room. Khim was charged with three counts of distribution of controlled substances, in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(C), one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5)(A). Khim pled guilty to all counts.

Khim had two prior felony convictions in violation of Pennsylvania law, one for robbery and the other for drug dealing. At sentencing, relying on these two prior convictions, the District Court found that Khim was a career offender under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1(b)(3). Khim objected to the classification of his robbery conviction as a crime of violence. The District Court rejected Khim's challenge after hearing argument from the parties. After applying a downward variance from the recommended Guidelines range of 151 to 188 months of imprisonment, the District Court sentenced Khim to 100 months of imprisonment. Khim's counsel then asked the District Court to order that his sentence run concurrently with the state sentence Khim was expected to receive for an upcoming hearing on a parole violation. The District Court denied Khim's request, stating that Khim's federal sentence "can't run concurrently or consecutively to a sentence that has not been imposed," because that "amounts to a recommendation and I'm not going to do that." Appendix ("App.") 308. This timely appeal followed.

## II.[1]

Khim argues that the District Court erred by classifying him as a career offender because his Pennsylvania robbery conviction did not qualify as a crime of violence under the Sentencing Guidelines. He also argues that the District Court erred in stating that it did not have the power to set his sentence to run concurrently with his future state

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the District Court's legal determination that Khim is a career offender de novo. See United States v. Ramos, 892 F.3d 599, 613 (3d Cir. 2018).

3

sentence. The Government argues that the District Court properly determined that his Pennsylvania robbery conviction qualified as a crime of violence. However, the Government agrees that the District Court erred in stating that it could not recommend that Khim's sentence run concurrently with his yet-to-be-set state sentence and the case should be remanded on that ground only. We will address each issue in turn.

A.

The career offender provision in the Sentencing Guidelines provides for an enhanced sentence for a "defendant [who] has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The parties agree that Khim's prior drug conviction qualifies as a "controlled substance offense," and thus whether Khim qualifies as a career offender depends on whether his prior felony conviction for Pennsylvania robbery constitutes a crime of violence. The Sentencing Guidelines define a crime of violence as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year," if that offense either:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, [(the "elements clause")] or
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c) [(the "enumerated offenses clause")].

U.S.S.G. § 4B1.2(a).

At the time of Khim's robbery conviction in 2002, the Pennsylvania statute provided that:

> (1) A person is guilty of robbery if, in the course of committing a theft, he:

4

(i) inflicts serious bodily injury upon another;

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

(iii) commits or threatens immediately to commit any felony of the first or second degree;

(iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury; or

(v) physically takes or removes property from the person of another by force however slight.

18 Pa. Cons. Stat. § 3701(a) (June 24, 1976 to May 16, 2010). As relevant here, the grading provision provides that robbery under subsections (a)(1)(i) through (iii) constitutes "a felony of the first degree." Id. § 3701(b).

To determine whether a prior conviction qualifies as a crime of violence, we use "the categorical approach." United States v. Ramos, 892 F.3d 599, 606 (3d Cir. 2018). Under this approach, "we ask whether the use, attempted use, or threatened use of physical force against another person is categorically an element of the offense of conviction." Id. If that statute "necessarily has such an element," then it constitutes a crime of violence, if it does not, then it "cannot serve as a career offender predicate—even if the defendant actually committed the offense by using, attempting to use, or threatening to use physical force against another person." Id.

However, if the statute of conviction is "divisible," then we "may resort to the 'modified categorical approach.'" Id. at 606-07 (quoting Descamps v. United States, 570 U.S. 254, 257, 262 (2013)). Under the modified categorical approach, a court may "look beyond the statute of conviction for a limited purpose" to "consult a specific set of extra-

5

statutory documents to identify the specific statutory offense that provided the basis for the prior conviction." Ramos, 892 F.3d at 607. These extra-statutory materials are commonly known as Shepard documents. See Shepard v. United States, 544 U.S. 13, 26 (2005). The court can then "assess whether that offense categorically qualifies as a crime of violence." Ramos, 892 F.3d at 607. Then, "[a]fter applying the modified categorical approach to determine the specific crime of conviction," we "resort[] to the traditional 'categorical approach' that requires comparing the criminal statute to the relevant generic offense." United States v. Peppers, No. 17-1029, ___ F.3d ___, 2018 WL 3827213 at *14 (3d Cir. August 13, 2018) (citing Mathis v. United States, 136 S. Ct. 2243, 2249 (2016)).

A statute is divisible if it "sets out one or more elements of the offense in the alternative." Descamps, 570 U.S. at 257. We have held that "[g]iven the clearly laid out alternative elements of the Pennsylvania robbery statute, it is obviously divisible and, therefore, a sentencing court can properly look to the kinds of documents listed by the Supreme Court in Taylor [v. United States, 495 U.S. 575 (1990)] and Shepard to determine which subsection was the basis of [the defendant's] prior convictions." United States v. Blair, 734 F.3d 218, 225 (3d Cir. 2013). Khim spends much of his brief arguing that the Pennsylvania robbery statute is not divisible, and that our holding on this point in Blair has been abrogated by subsequent decisions of the Supreme Court such as Mathis, 136 S. Ct. 2243. However, our holding in Blair that 18 Pa. Cons. Stat. 3701(a)(1) is divisible has not been abrogated. In a recent opinion, we relied on Blair and reaffirmed that the Pennsylvania robbery statute is divisible. See Peppers, ___ F.3d ___, 2018 WL

6

3827213 at *15 (quoting <u>Blair</u>, 734 F.3d at 225 and <u>Mathis</u>, 136 S. Ct. at 2256); <u>cf.</u>

<u>Ramos</u>, 892 F.3d at 609 (holding that Pennsylvania's similarly structured aggravated

assault statute is divisible).[2]  Thus, we apply the modified categorical approach to 18 Pa.

Cons. Stat. § 3701(a)(1).

Under the modified categorical approach, we consult certain extra-statutory

materials to identify the offense of Khim's conviction, that is, the specific subsection of

§ 3701(a)(1) that provided the basis for his conviction.  <u>Ramos</u>, 892 F.3d at 610.  Jury

instructions are one of the materials to which we can look under the modified categorical

approach.  <u>See</u> <u>Taylor v. United States</u>, 495 U.S. 575, 602 (1990); <u>see also</u> <u>Shepard</u>, 544

U.S. at 25-26.  Here, the state trial court's instruction to the jury during Khim's robbery

trial stated that:

> In order to find the defendant guilty as to first degree robbery, you must be
> satisfied that the following two elements have been proven beyond a reasonable
> doubt: First, that the defendant intentionally put [the victim] in fear of
> immediate serious bodily injury, and, second, that the defendant did so in the
> course of committing a theft.
> 　　Serious bodily injury is bodily injury that creates a substantial risk of
> death or that causes serious permanent disfigurement or protracted loss or
> impairment of any bodily member or organ.

App. 359 (emphasis omitted).

---

[2] In <u>Peppers</u> the <u>Shepard</u> documents shed no light on the specific subsection of 18
Pa. Cons. Stat. § 3701(a)(1) that the defendant there had been convicted of, so we
resorted to the categorical approach.  <u>See</u> <u>Peppers</u>, ___ F.3d ___, 2018 WL 3827213 at
*15 ("Without <u>Shepard</u> documents, the categorical and modified categorical approaches
are the same, and the sentencing court is forced to proceed under the categorical
approach. Here, that is exactly what is required.").

This instruction makes clear that Khim was convicted under § 3701(a)(1)(ii), which requires proof that the defendant "threaten[ed] another with or intentionally put[] him in fear of immediate serious bodily injury." 18 Pa. Cons. Stat. § 3701(a)(1)(ii). Thus, Khim qualifies as a career offender if a conviction under § 3701(a)(1)(ii) categorically is a crime of violence.[3]

As noted, under the elements clause, a crime of violence is any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). The Supreme Court has held that the phrase "physical force" "refers to force exerted by and through concrete bodies" that is "capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 138-40 (2010). Thus, "a crime is a violent one under the elements clause so long as it has an element that can be satisfied only through the use, threatened use, or attempted use of force against another person that is capable of causing that person physical pain or injury." Ramos, 892 F.3d at 611 (citing Johnson, 559 U.S. at 138-43).

Examining the text of § 3701(a)(1)(ii), we readily conclude that first-degree felony robbery during which a defendant "threatens another with or intentionally puts him in fear of immediate serious bodily injury," categorically involves the use or attempted use of physical force. 18 Pa. Cons. Stat. § 3701(a)(1)(ii). "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious,

---

[3] Because Khim focuses his entire argument on this issue on the question of whether § 3701(a)(1) is divisible, he does not provide any argument on whether § 3701(a)(1)(ii) qualifies as a crime of violence under the elements clause of the Sentencing Guidelines.

permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." Id. § 2301. "Bodily injury" is in turn defined as "[i]mpairment of physical condition or substantial pain." Id. Taken together, then, the minimum conduct sufficient to sustain a conviction under § 3701(a)(1)(ii) is a threat that intentionally puts another in fear of immediate "impairment of physical condition or substantial pain" that "creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." Id. As a practical matter, a defendant can only do so using "force exerted by and through concrete bodies" that is "capable of causing physical pain or injury to another person." 559 U.S. at 138-40. See, e.g., United States v. Chapman, 866 F.3d 129, 135 (3d Cir. 2017) (rejecting the argument that the "threat of serious bodily injury . . . does not necessarily require a threat to use violent force"), cert. denied, 138 S. Ct. 1582 (2018); Singh v. Gonzales, 432 F.3d 533, 540 (3d Cir. 2006) ("We cannot reasonably conceive of a situation wherein such an act . . . intended to place another in fear of imminent serious bodily injury, would not, at the very least, constitute the attempted or threatened use of physical force . . . .); see also, e.g., United States v. Verwiebe, 874 F.3d 258, 261 (6th Cir. 2017) ("[C]rimes requiring proof of serious physical injury necessarily require proof of violent physical force."); United States v. Calvillo-Palacios, 860 F.3d 1285, 1290 (9th Cir. 2017) (holding that statutes that penalized "intentionally or knowingly threatening another with imminent bodily injury," and the causation of "serious bodily injury," satisfied the elements clause (citations omitted) (emphases omitted)).

Accordingly, we will affirm the District Court's classification of Khim as a career offender under U.S.S.G. § 4B1.1.[4]

B.

We exercise plenary review of an interpretation of sentencing law. See United States v. Grier, 475 F.3d 556, 570 (3d Cir. 2007) (en banc). Khim argues that the District Court erred by denying his request to and failing to recognize that it had the authority to order that his sentence run concurrently with a possible impending state sentence for a parole violation. The Government agrees that the District Court erred by failing to recognize that it had the authority to so order, and that a remand on this issue is warranted.

We also agree. As the parties point out — although Khim failed to raise this case before the District Court — the Supreme Court held in Setser v. United States that a sentencing court may in fact direct that its sentence run concurrently with or consecutively to a state sentence that has not yet been imposed. 566 U.S. 231, 244 (2012) ("[I]t was within the District Court's discretion to order that [the defendant's] sentence run consecutively to his anticipated state sentence in the probation revocation proceeding . . . ."). Because the District Court's statements on the issue indicate that it may have been unaware that it had the authority to direct that its sentence run concurrently with the as-yet-to-be-imposed state court sentence, see App. 307-08, we will remand so that the District Court can consider this question in light of Sester. In doing so we offer no

---

[4] Because we hold that Khim's conviction under § 3701(a)(1)(ii) is categorically a crime of violence under the elements clause, we do not reach the Government's argument that any first degree robbery conviction under § 3701(a)(1)(i)-(iii) qualifies as a crime of violence under the enumerated offenses clause of the career offender Guideline.

opinion on whether the District Court should direct that its sentence run concurrently with or consecutively to Khim's as-yet-to-be-imposed state sentence.

III.

For the foregoing reasons we will affirm the District Court in all respects except for its denial of Khim's request that his sentence run concurrently with the state sentence that had not yet been opposed. On that issue only we will remand for the District Court to consider the question in light of <u>Sester</u>.