**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

KYLE JOEANIEL GOBERT,
*Defendant-Appellant.*

No. 17-35970

D.C. Nos.
4:16-cv-00075-BMM
4:14-cr-00063-BMM-1

OPINION

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted October 22, 2019[*]
Portland, Oregon

Filed November 26, 2019

Before: Jerome Farris, Carlos T. Bea, and
Morgan Christen, Circuit Judges.

Opinion by Judge Bea

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### 28 U.S.C. § 2255

Affirming the district court's denial of a 28 U.S.C. § 2255 motion challenging the validity of a conviction for discharging a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), the panel held that assault with a dangerous weapon described in 18 U.S.C. § 113(a)(3) is a crime of violence under 18 U.S.C. § 924(c)(3)(A).

### COUNSEL

David F. Ness, Assistant Federal Public Defender; Anthony R. Gallagher, Federal Defender; Federal Defenders of Montana, Great Falls, Montana; for Defendant-Appellant.

Timothy A. Tatarka, Assistant United States Attorney; Kurt G. Alme, United States Attorney; United States Attorney's Office, Billings, Montana; for Plaintiff-Appellee.

### OPINION

BEA, Circuit Judge:

The sole question presented by this appeal is whether the offense of assault with a dangerous weapon described in

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

18 U.S.C. § 113(a)(3) is a crime of violence under 18 U.S.C. § 924(c)(3)(A). We hold that it is.

The facts underlying this case are straightforward and not in dispute. Kyle Joeaniel Gobert was driving around Blackfeet Indian Reservation with two friends, drinking and using methamphetamine. The trio passed a parked truck occupied by a group of males. The parked truck's lights flashed, which prompted Gobert to turn around and return to the truck. Gobert parked his car and got out to relieve himself, at which point the group of males began yelling threats at Gobert and one of his companions. Feeling threatened, Gobert went to the back of his car, gave verbal commands to the male group to back up, retrieved an AR-15 from his trunk, and fired several shots in the males' direction. Several bullets hit the truck, one shattered the back windshield, another struck a truck occupant in the foot. Gobert later admitted to law enforcement that he fired the AR-15.

The government charged Gobert with three counts: (1) assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 1153(a)[1] and 113(a)(6); (2) assault with a dangerous weapon, in violation of 18 U.S.C. §§ 1153(a) and 113(a)(3); and (3) discharge of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Gobert pleaded guilty to Count Three, in exchange for which the government moved to dismiss Counts One and Two. In

---

[1] Section 1153(a) provides that "[a]ny Indian who commits" certain offenses within the Indian country is "subject to the same law and penalties as all other persons committing any of the [enumerated] offenses, within the exclusive jurisdiction of the United States." Felony assault under 18 U.S.C. § 113 is specifically enumerated, meaning that § 1153(a) provides a mechanism to prosecute Gobert for felony assault. Section 1153(a) is irrelevant to this appeal.

pleading guilty to Count Three, Gobert admitted to the commission of both assault offenses identified in Counts One and Two, which served as the predicate offenses for Count Three.  As requested, the district court dismissed Counts One and Two.  As to Count Three, the district court sentenced Gobert to a term of 60 months in prison, to be followed by a three-year term of supervised release.

Gobert did not directly appeal his sentence, but later filed a motion challenging the validity of his § 924(c)(1)(A) conviction under 28 U.S.C. § 2255.  Gobert argued that his conviction for discharge of a firearm during a crime of violence is unlawful because the predicate offenses for that charge—the assault offenses identified in Counts One and Two—no longer qualify as crimes of violence.  The district court denied relief but granted a certificate of appealability.  On appeal, the government does not raise any procedural barriers to our consideration of Gobert's collateral attack, so we proceed straight to the merits.

As relevant here, § 924(c) punishes any person who uses or carries a firearm "during and in relation to any crime of violence."  18 U.S.C. § 924(c)(1)(A).  The term "crime of violence" is defined in § 924(c)(3) as an offense that is a felony and—

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Subparagraph (A) is known as the "elements clause," while subparagraph (B) is known as the "residual clause." Although the Supreme Court recently declared the residual clause unconstitutionally vague, *see United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), that is of no consequence to this appeal because assault with a dangerous weapon under 18 U.S.C. § 113(a)(3) is a crime of violence under the elements clause.[2]

The Supreme Court has held that to qualify as a "crime of violence" under the elements clause, the offense must have as an element the use, attempted use, or threatened use of "*violent* [physical] force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010); *Davis*, 139 S. Ct. at 2325–26 (applying *Johnson* to § 924(c)). The question thus is whether the offense defined in the assault with a dangerous weapon statute meets that standard. Under the categorical approach used to make that determination, *see Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016), the more specific question is whether the least serious form of the offense meets the *Johnson* standard, *see Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013). If it does, assault with a dangerous weapon qualifies categorically as a crime of violence.

The federal assault with a dangerous weapon statute provides, in relevant part:

---

[2] Both Counts One and Two served as predicate crimes of violence for Gobert's § 924(c) conviction. In turn, his § 924(c) conviction is lawful so long as either the offense identified in Count One or the offense identified in Count Two qualifies as a crime of violence. Here we conclude that assault with a dangerous weapon as identified in Count Two qualifies as a crime of violence.

> Whoever . . . is guilty of . . . [a]ssault with a dangerous weapon, with intent to do bodily harm [shall be punished according to law].

18 U.S.C. § 113(a)(3).  Gobert argues that "[a]ssault with a dangerous weapon" does not constitute a crime of violence. Specifically, Gobert contends that the least violent form of such an assault offense would be the mere intentional use of a display of force that reasonably causes a victim to fear immediate bodily injury.

Gobert contends that using a display of force with a dangerous weapon that reasonably causes a victim to fear immediate bodily injury does not necessarily require the use or threatened use of violent force against another as required under *Johnson*.  But we have addressed this precise assertion twice before and rejected it both times.  First in *United States v. Juvenile Female*, 566 F.3d 943, 948 (9th Cir. 2009), we held that assault with a dangerous weapon under a statute worded similarly to § 113(a)(3)[3] was a crime of violence under the elements clause of 18 U.S.C. § 16(a), which is identical to § 924(c)(3)(A)'s elements clause.  We there held that a defendant charged with "assault with a deadly or a dangerous weapon, *must have always* threatened the use of physical force."  *Id.* at 948 (emphasis added) (quotation marks and brackets omitted).

Next, in *United States v. Calvillo-Palacios*, 860 F.3d 1285, 1289–93 (9th Cir. 2017), we held that a Texas statute penalizing intentionally and knowingly threatening another

---

[3] *Compare* 18 U.S.C. § 111(b) (providing a penalty enhancement for an assault involving "a deadly or dangerous weapon" or resulting in "bodily injury"), *with* 18 U.S.C. § 113(a)(3) (proscribing "[a]ssault with a dangerous weapon, with intent to do bodily harm").

with imminent bodily injury with the use of a deadly weapon during the commission of an assault was a crime of violence under the elements clause of Federal Sentencing Guidelines § 2L1.2(b)(1)(A)(ii), which again is identical to § 924(c)(3)(A)'s elements clause. *Calvillo-Palacios* stated in no uncertain terms that "threat and assault statutes *necessarily* involve" the requisite threat or use of physical force to constitute a crime of violence under an elements clause identical to the one at issue in this case. *Id.* at 1290 (emphasis added).

There is simply no room to find assault with a dangerous weapon under § 113(a)(3) anything but a crime of violence under § 924(c)(3)(A)'s elements clause following *Juvenile Female* and *Calvillo-Palacios*'s binding precedent. The least violent form of each offense is the threat to use violent physical force through the use of a dangerous weapon that reasonably caused a victim to fear immediate bodily injury, which under *Juvenile Female* and *Calvillo-Palacios* necessarily entails at least the "threatened use of violent physical force" to qualify the offenses as crimes of violence under § 924(c)(3)(A)'s elements clause. *See Calvillo-Palacios*, 860 F.3d at 1290; *Juvenile Female*, 566 F.3d at 948.

**AFFIRMED.**