**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30184 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00004-SPW-1 |
| v. | |
| GARY DUANE ERVIN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted June 3, 2020[**]
Portland, Oregon

Before: BERZON and COLLINS, Circuit Judges, and CHOE-GROVES,[***] Judge.

Gary Ervin appeals his sentence. In calculating Ervin's base offense level,

the district court determined that Ervin's prior conviction of Assault with Intent to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

Do Great Bodily Harm, Mich. Comp. Laws § 750.84(1)(a), was categorically a crime of violence under U.S.S.G. § 4B1.2(a).

Ervin contends that Mich. Comp. Laws § 750.84(1)(a) penalizes conduct that does not fall within the definition of a crime of violence because "[n]o actual force need be used against the victim in order to commit the offense[]," as "poison could seriously harm the health or function of the body and thereby qualify as great bodily injury in Michigan," but would not involve actual force against the victim. This Court has already rejected that argument. *See United States v. Calvillo-Palacios*, 860 F.3d 1285, 1291 (9th Cir. 2017) ("[*United States v. Castleman*, 572 U.S. 157, 170 (2014),] explicitly rejected the poison hypothetical frequently employed by other circuits—the notion that one could cause bodily harm without using physical force by administering poison."); *see also id.* ("[I]n the context of assault statutes, bodily injury entails the use of violent, physical force[.]").

Ervin's appeal is therefore DENIED, and his sentence is AFFIRMED.