**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 9 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JEROME STANLEY CARLOS, Jr.,

          Petitioner-Appellant,

  v.

UNITED STATES OF AMERICA,

          Respondent-Appellee.

No.   19-16944

D.C. Nos.   2:16-cv-04583-NVW
              2:05-cr-00252-NVW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted June 7, 2023[**]
San Francisco, California

Before: MILLER and KOH, Circuit Judges, and MOLLOY,[***] District Judge.

   Jerome Stanley Carlos appeals the district court's denial of his federal

habeas petition. We granted a certificate of appealability on Carlos's claim that his

---

   [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

   [***]      The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

18 U.S.C. § 924(c) conviction must be vacated because his assault conviction under 18 U.S.C. § 113(a)(6) did not qualify as predicate crime of violence. We have jurisdiction under 28 U.S.C. §§ 1291, 2253(a), and 2255(d). We vacate the conviction and sentence, and we remand.

1.      Carlos filed a second 28 U.S.C. § 2255 motion, challenging his conviction under 18 U.S.C. § 924(c) on the ground that 18 U.S.C. § 113(a)(6) is not a crime of violence. He contends that the district court erred when it denied the motion, finding the motion untimely and the claims procedurally barred. The government concedes this error. *See Jones v. United States*, 36 F.4th 974, 986 (9th Cir. 2022) (holding that "an assault resulting in serious bodily injury under § 113(a)(6) can be committed recklessly" and therefore "cannot qualify as a predicate offense under § 924(c)(3)(A)").

However, the government asserts that remand for resentencing is not necessary in light of Carlos's other conviction for which he received a concurrent sentence of 216 months' imprisonment. We disagree. It is our "customary practice" to "remand for resentencing" when the "sentencing package becomes 'unbundled.'" *United States v. Hanson*, 936 F.3d 876, 886–87 (9th Cir. 2019) (citations omitted). Here, the district court appears to have sentenced Carlos by "bundling" his multiple convictions. Thus, in our discretion, we vacate all of the sentences imposed by the district court and remand for it to resentence Carlos on

2

the remaining three counts. *See United States v. Jenkins*, 884 F.2d 433, 441 (9th Cir. 1989) (remanding for resentencing on unchallenged count where district court may have "regarded the sentences for the two counts as parts of a single 'sentencing package'" (citation omitted)); *see also United States v. Evans-Martinez*, 611 F.3d 635, 645 (9th Cir. 2010).

2.      Carlos raises two uncertified issues in his opening brief, arguing that 18 U.S.C. § 113(a)(3) is not a crime of violence. Specifically, Carlos challenges our decision in *United Sates v. Gobert*, which held to the contrary. 943 F.3d 878, 882 (9th Cir. 2019). He argues that *Gobert* conflicts with *United States v. Flores-Cordero*, 723 F.3d 1085, 1088 (9th Cir. 2013), and the Supreme Court's decision in *Johnson v. United States*, 559 U.S. 133 (2010).

Where a petitioner briefs uncertified issues, we construe that action as a motion to expand the certificate of appealability. *See* 9th Cir. R. 22–1(e). We will only expand a certificate of appealability where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Carlos's arguments lack merit. Carlos has failed to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003) (citation omitted). Accordingly, we decline to expand the certificate.

**VACATED and REMANDED.**