**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROGELIO CAMACHO-CRUZ,
                    *Petitioner,*

            v.

ERIC H. HOLDER JR., Attorney
General,
                    *Respondent.*

No. 08-74483

Agency No.
A017-256-460

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 12, 2010*
San Francisco, California

Filed September 2, 2010

Before: Susan P. Graber, Consuelo M. Callahan, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Graber

---

*The panel unanimously finds this case suitable for decision without
oral argument. Fed. R. App. P. 34(a)(2).

---

## COUNSEL

Xavier Gonzales, Las Vegas, Nevada, for the petitioner.

Charles E. Canter, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for the respondent.

---

## OPINION

GRABER, Circuit Judge:

Petitioner Rogelio Camacho-Cruz, a Mexican national, appeals the Board of Immigration Appeals' ("BIA") denial of cancellation of removal because of his conviction for assault with a deadly weapon under Nevada state law. Petitioner argues that his conviction is not a "crime of violence" within the meaning of 18 U.S.C. § 16 and, therefore, that he remains eligible for cancellation of removal. We are not persuaded. We hold that Petitioner's conviction is categorically a crime of violence and, as a result, we dismiss the petition.

Petitioner is a native and citizen of Mexico who was admitted to the United States in 1966. About 40 years later, he pleaded guilty in a Nevada state court to one count of assault with a deadly weapon in violation of Nevada Revised Statutes section 200.471 (2006). The state court sentenced Petitioner to 24 to 60 months in prison. The state court then suspended his prison sentence and placed him on probation for an indeterminate period not to exceed three years.

The Department of Homeland Security ("DHS") then commenced removal proceedings against Petitioner. DHS charged Petitioner with removability as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii) because, it alleged, assault with a deadly weapon is a "crime of violence" under 18 U.S.C. § 16. Petitioner, through counsel, admitted all the factual allegations against him but denied removability. He also filed a motion to terminate the proceedings, arguing that assault with a deadly weapon under Nevada state law is not a crime of violence.

An immigration judge ("IJ") denied Petitioner's motion to terminate and ordered Petitioner removed to Mexico because the Nevada conviction constituted a crime of violence. Petitioner appealed to the BIA, which adopted and affirmed the IJ's decision and dismissed Petitioner's appeal. Petitioner timely petitions for review.[1]

To be eligible for cancellation of removal, a nonpermanent resident alien must establish that he or she: (1) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of application; (2) has been a person of good moral character during such period; (3) has not been convicted of certain criminal offenses, including "crimes of violence" as defined by 18 U.S.C. § 16; and (4) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence. 8 U.S.C. § 1229b(b)(1). A failure to satisfy any one of those four requirements is fatal to a cancellation application. *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002). The issue joined here is whether the third criterion is met.

---

[1]We review de novo legal determinations regarding an alien's eligibility for cancellation of removal, *Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1145 (9th Cir. 2002), as well as decisions that a conviction is a crime of violence, *Rosales-Rosales v. Ashcroft*, 347 F.3d 714, 717 (9th Cir. 2003).

**[1]** To determine whether a state law conviction is categorically a "crime of violence," we compare the elements of the state law crime to the elements of a "crime of violence," as defined in 18 U.S.C. § 16. *See Rosales-Rosales v. Ashcroft*, 347 F.3d 714, 717-18 (9th Cir. 2003). Title 18 U.S.C. § 16 defines a crime of violence as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Nevada Revised Statutes section 200.471 provides, in pertinent part:

> 1. As used in this section:

> (a) "Assault" means intentionally placing another person in reasonable apprehension of immediate bodily harm.

> . . . .

> 2. A person convicted of an assault shall be punished:

> . . . .

> (b) If the assault is made with the use of a deadly weapon, or the present ability to use a deadly a weapon, . . . by imprisonment in the state prison for a minimum term of not less than 1 year and a maximum term of not more than 6 years . . . .

Petitioner argues that he was not convicted of a crime of violence because, he asserts, the Nevada state law under which he was convicted does not necessarily involve conduct covered by 18 U.S.C. § 16(a). Specifically, Petitioner claims that the Nevada state law does not require actual harm or injury to the victim and, therefore, is not a crime of violence. We disagree.

**[2]** Petitioner was convicted of assault with use of a deadly weapon under Nevada state law, which defines assault as "intentionally placing another person in reasonable apprehension of immediate bodily harm." Nev. Rev. Stat. § 200.471. Our court has already concluded that a nearly identical crime, assault with a deadly weapon under Arizona Revised Statutes section 13-1204(A)(2), is a crime of violence under 18 U.S.C. § 16. *United States v. Ceron-Sanchez*, 222 F.3d 1169, 1172-73 (9th Cir. 2000), *overruled on other grounds by Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121 (9th Cir. 2006) (en banc). The Arizona law prohibited "[i]ntentionally placing another person in reasonable apprehension of imminent physical injury." *Id.* at 1172. We held that, because the statute "requires . . . [the] threatened use of force against the person of another," the crime was a crime of violence. *Id.* at 1173. We also held that assault with a deadly weapon under Arizona state law was a crime of violence because there was "a high risk of violence against the person of another" in the course of the commission of the crime. *Id.*

Similarly, in *Rosales-Rosales*, we held that California Penal Code section 422 constituted a crime of violence because it prohibited willful threats to commit a crime that would result in death or great bodily injury, even if there was no intent to carry out the threat. 347 F.3d at 717. We reasoned that "[o]n its face § 422 is an offense 'that has as an element the threatened use of physical force against the person or property of another' " and, therefore, held that "§ 422 meets the definition of a 'crime of violence' as set forth in § 16(a)." *Id.*; *see also Ortiz-Magana v. Mukasey*, 542 F.3d 653, 661 (9th Cir. 2008)

(holding that assault with a deadly weapon under California state law is a crime of violence).

**[3]** Just as with the Arizona and California statutes, the Nevada statute constitutes a crime of violence because the statute requires that the defendant, by using a deadly weapon, intentionally create in another person a reasonable fear of immediate bodily harm. Contrary to Petitioner's assertions, whether the defendant actually intends to harm the victim or whether any harm does, in fact, result is irrelevant. Section 16(a) does not require an actual application of force or an injury to the victim. Rather, the threatened use of force is sufficient for a crime to constitute a crime of violence.

**[4]** Assault with a deadly weapon under Nevada Revised Statutes section 200.471 necessarily entails the threatened use of force against the person of another. Because the defendant must create a reasonable fear of harm in the victim and because that fear is accomplished by means of a deadly weapon, the crime, by its nature, involves a substantial risk of force. *See Ceron-Sanchez*, 222 F.3d at 1173. Therefore, Petitioner's conviction constitutes a crime of violence.

Petition DISMISSED.