**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR ARMANDO RIVERA-OLIVA, AKA Oscar Oliva, AKA Oscar Rivera, | No. 09-71162 |
| Petitioner, | Agency No. A094-314-274 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2013[**]
Pasadena, California

Before: RAWLINSON and BYBEE, Circuit Judges, and TIMLIN, Senior District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert J. Timlin, Senior District Judge for the U.S. District Court for the Central District of California, sitting by designation.

Oscar Armando Rivera-Oliva (Rivera-Oliva) petitions for review of the decision by the Board of Immigration Appeals (BIA) denying his applications for asylum, withholding of removal, cancellation of removal, and protection under the Convention Against Torture Act (CAT).

1.    The BIA correctly determined that Rivera-Oliva's application for asylum was time-barred. Rivera-Oliva failed to establish changed or extraordinary circumstances to excuse his untimely filing. *See Husyev v. Mukasey*, 528 F.3d 1172, 1181-82 (9th Cir. 2008) (recognizing an exception to the asylum filing deadline when the petitioner shows extraordinary circumstances directly related to the delay).

2.    Although Rivera-Oliva's asylum was time-barred, he may nevertheless apply for withholding of removal. *See Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010). A person must establish a clear probability of persecution to qualify for withholding of removal. *See id.* A personal vendetta or revenge does not satisfy this requirement. *See Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th Cir. 2001). This record does not compel the conclusion that Rivera-Oliva would more probably than not be persecuted if he returned to El

Salvador. *See Kaiser v. Ashcroft*, 390 F.3d 653, 661 (9th Cir. 2004) (articulating standard).

3. Rivera-Oliva failed to raise before the BIA the argument that he was a member of a particular social group. Therefore, this argument is unexhausted. *See Pagayon v. Holder*, 675 F.3d 1182, 1188 (9th Cir. 2011) (noting that we only review issues after a petitioner has exhausted all administrative remedies). In any event, Rivera-Oliva failed to establish that he was a member of a particular social group "united by a voluntary association." *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1084 (9th Cir. 2013) (en banc).

4. To qualify for CAT relief, a petitioner must show that it is more likely than not that he would be tortured with the acquiescence of the government if removed to the country of origin. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1194-95 (9th Cir. 2003). Substantial evidence supported the BIA's determination that Rivera-Oliva was not entitled to CAT protection, because he failed to present evidence of acquiescence of the government of El Salvador. *See id.* at 1193-95.

**5.** To qualify for cancellation of removal a petitioner must establish good moral character for the requisite period. *See Camacho-Cruz v. Holder*, 621 F.3d 941, 942 (9th Cir. 2010). The BIA affirmed the ruling by the immigration judge that Rivera-Oliva did not meet the good moral character requirement because he was incarcerated for more than 180 days. *See also Arreguin-Moreno v. Mukasey*, 511 F.3d 1229, 1233 (9th Cir. 2008) (explaining that a petitioner cannot meet the good moral character requirement if she served 180 days or more in a penal institution). The record supports the agency's determination.

**PETITION FOR REVIEW DENIED.**