**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO CESAR MONTANICO, | No. 11-70853 |
| Petitioner, | Agency No. A072-532-854 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2014[**]

Before:     PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Julio Cesar Montanico, a native and citizen of Guatemala, petitions pro se

for review the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

cancellation of removal, asylum, withholding of removal, and protection under the

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Camacho-Cruz v. Holder*, 621 F.3d 941, 942 n. 1 (9th Cir. 2010), and review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and grant in part the petition for review, and remand.

The BIA correctly determined that Montanico's robbery conviction is categorically a conviction for a crime involving moral turpitude that renders him statutorily ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C); s*ee also Mendoza v. Holder*, 623 F.3d 1299, 1300 (9th Cir. 2010) ("Robbery under California Penal Code section 211 is a crime involving moral turpitude . . .").

Substantial evidence supports the denial of CAT relief because Montanico did not establish that it is more likely than not that he will be tortured by a group with the government's acquiesce if returned to Guatemala. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1196-97 (9th Cir. 2003).

Montanico's contention concerning mental incompetency is unpersuasive.

In denying Montanico's asylum and withholding of removal claims, the agency found Montanico failed to establish past persecution or a fear of future persecution on account of a protected ground. When the IJ and BIA issued their decisions in this case they did not have the benefit of either this court's decisions in

*Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), and *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Montanico's asylum and withholding of removal claims to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). In light of this remand, we do not reach Montanico's remaining challenges to the agency's denial of Montanico's asylum or withholding of removal claims, or his due process argument at this time.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**