**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE GUADALUPE SALAZAR-ROJAS, | No. 10-73678 |
| Petitioner, | Agency No. A092-023-080 |
| v. | |
| LORETTA E. LYNCH,** Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 8, 2015***
Pasadena, California

Before: PREGERSON, TALLMAN, and NGUYEN, Circuit Judges.

Jose Salazar-Rojas, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\** Loretta E. Lynch is substituted for Eric H. Holder, Jr. as Attorney
General. Fed. R. App. P. 43(c)(2).

\*** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

immigration judge's decision denying his applications for cancellation of removal and voluntary departure. We have jurisdiction under 8 U.S.C. § 1252. "We review de novo legal determinations regarding an alien's eligibility for cancellation of removal." *Camacho-Cruz v. Holder*, 621 F.3d 941, 942 n.1 (9th Cir. 2010). We grant the petition for review and remand for consideration of Salazar-Rojas's application for cancellation of removal.

The BIA erred when it held that Salazar-Rojas's conviction alone for making a false claim to U.S. citizenship, under 18 U.S.C. § 911, made him statutorily ineligible for cancellation of removal as an alien who had falsely represented "himself to be a citizen of the United States for any *purpose or benefit* under [the INA] . . . or any Federal or State law." 8 U.S.C. § 1227(a)(3)(D)(I) (emphasis added). While conviction under 18 U.S.C. § 911 requires that a defendant represent himself or herself to a be U.S. citizen "to someone with good reason to inquire," *United States v. Karouni*, 379 F.3d 1139, 1142 (9th Cir. 2004), acting for a "purpose or benefit" under federal or state law is not an element of § 911. Therefore, based on his conviction under § 911 alone, the BIA could not determine that Salazar-Rojas was statutorily ineligible for cancellation of removal.

In light of our disposition, we need not address Salazar-Rojas's arguments concerning voluntary departure.

**PETITION FOR REVIEW GRANTED; REMANDED.**