**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

EDWIN OSWALDO HERRERA-
RAMIREZ, a.k.a. Edwin Oswaldo Herrera,
a.k.a. Edwin Herrera-Ramirez,

  Defendant - Appellant.

No. 14-10481

D.C. No. 4:14-cr-00687-JGZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted November 18, 2015[**]

Before:  TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

  Edwin Oswaldo Herrera-Ramirez appeals from the district court's judgment

and challenges the 60-month sentence imposed following his guilty-plea

conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326.  We

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Herrera-Ramirez challenges the district court's imposition of the 16-level sentencing enhancement under U.S.S.G. §2L1.2(b)(1)(A)(ii). Because Herrera-Ramirez did not object below, we review for plain error. *See United States v. Gonzalez-Aparicio*, 663 F.3d 419, 426-28 (9th Cir. 2011).

The district court did not plainly err by concluding that Herrera-Ramirez's conviction for assault with a deadly weapon, in violation of Nevada Revised Statutes § 200.471, constituted a categorical "crime of violence" for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii). *See Camacho-Cruz v. Holder*, 621 F.3d 941, 943 (9th Cir. 2010) (section 200.471 constitutes a crime of violence under 18 U.S.C. § 16(a)); *United States v. Grajeda*, 581 F.3d 1186, 1190-91 (9th Cir. 2009) (reasoning of cases addressing the "crime of violence" definition under 18 U.S.C. § 16(a) applies to cases involving U.S.S.G. § 2L1.2). As such, no modified categorical analysis was required. *See Grajeda*, 581 F.3d at 1189. Further, the district court did not err by failing to consider the length of Herrera-Ramirez's prior term of imprisonment; the Guideline does not define "crime of violence" by reference to the length of the defendant's sentence. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii) & cmt. n.1(B)(iii).

**AFFIRMED.**

14-10481