**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10320 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00189-KJH-CWH-1 |
| v. | |
| FRANCISCO ALCARAZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted October 19, 2016
San Francisco, California

Before: THOMAS, Chief Judge, and BEA and IKUTA, Circuit Judges.

Francisco Alcaraz appeals his conviction and sentence for three counts of

being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1),

924(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Defendant argues the district court erred by joining the three counts for trial and abused its discretion by denying Defendant's motion to sever.  The district court did not err in joining the counts because the counts were similar offenses. *United States v. Jawara*, 474 F.3d 565, 578 (9th Cir. 2006); *United States v. Rousseau*, 257 F.3d 925, 932 (9th Cir. 2001).  The district court did not abuse its discretion in denying Defendant's motion to sever because the joinder of offenses did not prejudice Defendant.  *United States v. VonWillie*, 59 F.3d 922, 930 (9th Cir. 1995).

Defendant argues the district court erred by denying Defendant's motion to suppress evidence of a firearm found by a police officer in the car he was driving. The district court did not err because Defendant gave the officer consent to enter the car.  *United States v. Rubio*, 727 F.2d 786, 796 (9th Cir. 1983).  The officer then saw the firearm in plain view and immediately knew the firearm was incriminating because the officer knew Defendant was a convicted felon.  *Roe v. Sherry*, 91 F.3d 1270, 1272 (9th Cir. 1996).  Although the plain view exception to the warrant requirement authorized seizure of the firearm, the police instead obtained a valid warrant.

Defendant argues the district court abused its discretion by denying Defendant's request for a justification defense jury instruction.  The district court

2

did not abuse its discretion because Defendant did not establish he had no reasonable legal alternative to possessing a firearm. *United States v. Lemon*, 824 F.2d 763, 765 (9th Cir. 1987). There was insufficient evidence of justification upon which to instruct the jury on the self-defense claim.

Defendant argues the district court erred in calculating Defendant's base offense level and criminal history during sentencing. The district court did not err in calculating Defendant's base offense level. Defendant's prior convictions for assault with a deadly weapon, in violation of Nevada Revised Statute § 200.471, and robbery with the use of a deadly weapon, in violation of Nevada Revised Statutes §§ 200.380, 193.165, qualify as crimes of violence for purposes of applying United States Sentencing Guideline § 2K2.1(a)(2). *Camacho-Cruz v. Holder*, 621 F.3d 941, 943 (9th Cir. 2010); *United States v. Harris*, 572 F.3d 1065, 1066 (9th Cir. 2009). The district court did not err in calculating Defendant's criminal history score. The district court properly applied United States Sentencing Guideline § 4A1.1(e). Defendant's two sentences were imposed on the same day, there was no intervening arrest, and Defendant's sentence for assault with a deadly weapon resulted from a conviction of a crime of violence. *See* U.S.S.G. § 4A1.2(a)(2); *Camacho-Cruz*, 621 F.3d at 943. Even if the district court erred in calculating Defendant's criminal history score, any error was harmless

3

because Defendant would have been assigned to criminal history Category VI regardless.  U.S.S.G. § 4A1.1.

**AFFIRMED**.