**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUMBERTO RAMIREZ-MARTINEZ, AKA Luis Ramirez-Martinez, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 16-73716 <br><br> Agency No. A201-240-432 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018**

Before:     RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Humberto Ramirez-Martinez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying cancellation of removal. We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

agency's factual findings, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies in Ramirez-Martinez's testimony. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) (adverse credibility determination supported under the totality of circumstances).

We reject Ramirez-Martinez's contention that the agency erred in not considering his wife's pregnancy and the subsequent birth of his fourth child in its hardship determination, where he failed to sufficiently raise those issues before the agency. *See Segura v. Holder*, 605 F.3d 1063, 1066 (9th Cir. 2010) (broad statements in the notice of appeal and brief were insufficient to put the BIA on notice of petitioner's claim).

We also reject Ramirez-Martinez's contention that the BIA was required to address the issue of continuous physical presence, where the agency's hardship determination was independently dispositive. *See Camacho-Cruz v. Holder*, 621 F.3d 941, 942 (9th Cir. 2010) (failure to satisfy any one of the statutory requirements is fatal to a cancellation application). For the same reason, we need not reach his contentions regarding evidence of physical presence.

**PETITION FOR REVIEW DENIED.**

　　　　　　　　　16-73716