NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 3 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERIKA PILAR LOZA-RODRIGUEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   18-70451

Agency No. A088-746-763

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2020**
San Francisco, California

Before:  McKEOWN and NGUYEN, Circuit Judges, and WHALEY,*** District
Judge.

Erika Pilar Loza-Rodriguez challenges the Board of Immigration Appeals'

determination that she is not eligible for the petty offense exception under 8 U.S.C.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

§ 1182(a)(2)(A)(ii)(II). We have jurisdiction under 8 U.S.C. § 1252 and review the legal determinations regarding a noncitizen's eligibility for cancellation of removal de novo. *Camacho-Cruz v. Holder*, 621 F.3d 941, 942 n.1 (9th Cir. 2010). We deny the petition for review.

1. ***Factual Background.*** Loza-Rodriguez is a Mexican citizen who entered the United States without inspection. In June 2009, she pleaded guilty to attempted battery with substantial bodily harm, a gross misdemeanor under Nevada law. The court imposed an 11-month suspended sentence with 18 months' probation. She completed the sentence without incident and ultimately served no jail time. In January 2013, the Department of Homeland Security initiated removal proceedings against Loza-Rodriguez for her unlawful presence in the United States. Loza-Rodriguez applied for cancellation of removal, arguing that her prior conviction satisfied the petty offense exception.

2. ***Petty offense exception.*** Cancellation of removal for certain nonpermanent residents is available when the applicant can show she has been physically present in the United States for a continuous period of at least 10 years, has been a person of good moral character during that time frame, has not been convicted of certain specified offenses, and has established that removal would result in exceptional and extremely unusual hardship to the noncitizen's spouse, parent, or child who is a United States citizen or lawful permanent resident. 8 U.S.C. §1229b(b)(1). The

Immigration Judge determined Loza-Rodriguez was not eligible for cancellation of removal because she had been convicted of a crime involving moral turpitude and that she did not qualify for the petty offense exception.

Under the petty offense exception, noncitizens who have committed only one crime involving moral turpitude are not deemed inadmissible when "the maximum penalty possible for the crime of which the [noncitizen] was convicted . . . did not exceed imprisonment for one year and, if the [noncitizen] was convicted of such crime, the [noncitizen] was not sentenced to a term of imprisonment in excess of 6 months (regardless of the extent to which the sentence was ultimately executed)." 8 U.S.C. § 1182(a)(2)(A)(ii)(II). Under the statute's plain language—"regardless of the extent to which the sentence was ultimately executed"—Loza-Rodriguez does not qualify for the exception because the sentence exceeded six months.

Relying on *United States v. Gonzalez*, 506 F.3d 940, 944–45 (9th Cir. 2007) (en banc), Loza-Rodriguez contends that because this court has held that a suspended sentence does not constitute a "term of imprisonment" for purposes of United States Sentencing Guidelines § 4A1.2(c)(1), her 11-month suspended sentence should not count in the present context for purposes of removability. This argument is unavailing in this context, where the statutory language is clear. Moreover, Congress has specifically stated what it means by "term of imprisonment" in reference to inadmissibility determinations. *See* 8 U.S.C. § 1101(a)(48)(B) ("Any reference to a

term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law *regardless of any suspension of the imposition or execution* of that imprisonment or sentence in whole or in part.") (emphasis added).

Petition for review is DENIED.