**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JORGE GARCIA-ORTIZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

Nos. 18-72882 & 19-72902

Agency No. A206-105-289

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 16, 2020
San Francisco, California

Before: WARDLAW and COLLINS, Circuit Judges, and EATON,[**] Judge.
Partial Concurrence and Partial Dissent by Judge WARDLAW

Jorge Garcia-Ortiz, a citizen and native of Mexico, petitions for review of

the decision of the Board of Immigration Appeals ("BIA") affirming the order of

the Immigration Judge ("IJ") denying his applications for withholding of removal,

protection under the Convention Against Torture ("Torture Convention"), and

cancellation of removal. We have jurisdiction under § 242 of the Immigration and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

Nationality Act ("INA"), 8 U.S.C. § 1252. While we review legal questions de novo, findings of fact are reviewed for substantial evidence, *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009), meaning that those findings must be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

1. Substantial evidence supports the agency's conclusion that Garcia-Ortiz failed to establish that it is more likely than not that he will suffer persecution for which "'a reason'" will be his membership in his particular family. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017) (quoting 8 U.S.C. § 1231(b)(3)(C)).[1] On the record in this case, the IJ permissibly concluded that the harms that had been visited on Garcia-Ortiz's brother-in-law, aunt, and uncle were attributable to the general violence and greed of the cartels in the area, rather than to their membership in a particular family. Garcia-Ortiz testified at the hearing the cartels extort "all the people over there" and that his aunt and uncle disappeared at the hands of the cartels "[b]ecause they didn't pay" the extortion demanded of them. Similarly, when asked why the cartels extorted his brother-in-law, Garcia-Ortiz indicated it was because he owned a small business. At his hearing, Garcia-Ortiz affirmed that the cartels engaged in widespread violence, stating that "[a]ll

---

[1] Before the BIA, Garcia-Ortiz also contended that he would be persecuted based on his membership in the asserted social group of "returnees from the United States," but he has abandoned that argument here.

2

the time now . . . they're killing people." We have held that the "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground," *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010), and the BIA properly upheld the IJ's finding that this was such a case. Accordingly, substantial evidence supports the IJ's and the BIA's denial of his claim for withholding of removal.

2. Substantial evidence also supports the IJ's and BIA's denial of withholding or deferral of removal under the Torture Convention. To qualify for such relief, "an applicant bears the burden of establishing that she [or he] will more likely than not be tortured with the consent or acquiescence of a public official if removed to her [or his] native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). In contending that he is likely to be tortured, Garcia-Ortiz relies on country-conditions reports, as well as on the violence visited against his relatives and against others returning from the United States who are perceived as wealthier. On this record, we cannot say that the BIA erred in upholding the IJ's finding that Garcia-Ortiz had failed to show that it was more probable than not that he, in particular, would be tortured with the acquiescence of the Mexican government. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("generalized evidence of violence and crime in Mexico is not particular to [the

3

petitioner] and is insufficient to meet this standard" for relief under the Torture Convention).

3.  We find no basis to set aside the BIA's upholding of the IJ's denial of cancellation of removal under INA § 240A.  "To be eligible for cancellation of removal," a petitioner must, among other things, establish that he "has been a person of good moral character" for "a continuous period of not less than 10 years immediately preceding the date of application." *Camacho-Cruz v. Holder*, 621 F.3d 941, 942 (9th Cir. 2010) (citing 8 U.S.C. § 1229b(b)(1)).  The IJ concluded that Garcia-Ortiz's prior conviction for attempted possession of dangerous drugs was not "an offense that would be a *per se* bar to his establishing good moral character pursuant to section 101(f) of the Act," 8 U.S.C. § 1101(f).  However, the IJ also examined the record concerning the underlying conduct and specifically made a "finding" that Garcia-Ortiz had been involved "in the illicit trafficking of methamphetamine as recently as June 2013," and the IJ further held that, in light of this conduct, Garcia-Ortiz had "failed to establish good moral character during the ten years preceding" the IJ's decision.

We lack jurisdiction to review the agency's discretionary determinations of moral character, but we have the authority to review "constitutional and other legal questions." *Gutierrez v. Holder*, 662 F.3d 1083, 1087 n.4 (9th Cir. 2011).  Garcia-Ortiz contends that the BIA committed legal error by failing "to review whether

4

[he] met his burden to establish he was not an illicit trafficker," but we disagree. Garcia-Ortiz correctly notes that, because he had conceded removability under INA § 212(a)(6)(A)(i), the BIA declined to address "whether [Garcia-Ortiz] is also removable under section 212(a)(2)(C)(i)," which renders inadmissible any alien who "is or has been an illicit trafficker in any controlled substance." 8 U.S.C. § 1182(a)(2)(C)(i). But Garcia-Ortiz is wrong in contending that the BIA therefore ignored his arguments about alleged drug trafficking in separately considering whether he had established good moral character. In considering that issue, the BIA expressly stated that it was "not persuaded by [Garcia-Ortiz's] appellate challenge to the [IJ's] denial of cancellation of removal," and that appellate challenge included (on the very page of Garcia-Ortiz's brief that the BIA cited) the argument that the IJ's "finding that [Garcia-Ortiz] was involved in drug trafficking . . . is not supported by substantial evidence."

Moreover, the BIA properly upheld that finding, which is supported by substantial evidence. Although Garcia-Ortiz's prior conviction in Arizona state court was only for attempted simple possession of a dangerous drug, that did not preclude the IJ from finding, based on the records from that state-court proceeding, that the underlying conduct involved drug trafficking. At oral argument before us, Garcia-Ortiz acknowledged that, during his plea colloquy, he had admitted under oath to having "*knowingly* attempted to possess" a dangerous drug (emphasis

5

added), and he therefore expressly abandoned the primary contention he had raised in his opening brief and in the agency, which was that "he has always denied knowing about the drugs in his car." And given that Garcia-Ortiz conceded in his testimony before the IJ, and in his opening brief, that the drugs in question were in his car to be picked up by his "cousin," substantial evidence supports the agency's conclusion that the underlying conduct involved the knowing trafficking of drugs and not just possession for himself.

Garcia-Ortiz also argues that, even though the IJ properly set aside the per se grounds for finding bad moral character, he then committed legal error by failing "to conduct the balancing assessment required for discretionary denials" under the so-called "catch-all" provision. But even assuming arguendo that the IJ erred, the BIA reviews such discretionary determinations de novo, 8 C.F.R. § 1003.1(d)(3)(ii); *Ridore v. Holder*, 696 F.3d 907, 920 (9th Cir. 2012), and the BIA explicitly applied the correct standard and considered the competing factors that Garcia-Ortiz claims that the IJ erroneously overlooked. Having found no legal error, we lack jurisdiction to review the BIA's discretionary moral-character determination under the catch-all provision. *Lopez-Castellanos v. Gonzales*, 437 F.3d 848, 854 (9th Cir. 2006).

4. Garcia-Ortiz also challenges the BIA's denial of his motion to reopen his proceedings on the ground that the IJ lacked "jurisdiction to commence and

6

conduct removal proceedings in [his] case because the Notice to Appear charging document filed with the Immigration Court was defective in that it failed to specify a time and date for his removal hearing." However, this argument is foreclosed by our recent decision in *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019), which held that "'a notice to appear that does not specify the time and place of an alien's initial removal hearing vests an [IJ] with jurisdiction over the removal proceedings . . . so long as a notice of hearing specifying this information is later sent to the alien.'" *Id*. at 1161 (citation omitted). Garcia-Ortiz was served with his assertedly incomplete notice to appear on March 29, 2014 and was thereafter served with a notice of hearing, stating the date and time of his hearing, on April 4, 2014. Thus, under *Karingithi*, jurisdiction properly vested in the immigration court.

The petition for review is **DENIED**.

*Garcia-Ortiz v. Barr*, Nos. 18-72882 & 19-55961

WARDLAW, Circuit Judge, concurring in part and dissenting in part:

I would grant the petition in No. 18-72882 in part and remand to the BIA for further proceedings on Garcia's cancellation of removal claim because the BIA failed to address his challenge to the IJ's illicit-trafficking finding. The BIA should resolve that challenge and then reconduct its moral character analysis accordingly. Therefore, I respectfully dissent on these limited grounds. I concur in all other aspects of the majority's disposition.

We have jurisdiction over Garcia's appeal from the BIA's discretionary determinations to the extent they raise "questions of law." 8 U.S.C. § 1252(a)(2)(D); *see also Mendez-Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir. 2009) (concluding that we have jurisdiction when the BIA commits legal error in its discretionary determinations). A claim that the BIA "ignore[d] arguments raised by" a petitioner poses such a question because, if true, it amounts to a claim of "legal error." *Doissaint v. Mukasey*, 538 F.3d 1167, 1170 (9th Cir. 2008).

In his appeal before the BIA, Garcia contested the IJ's factual finding regarding his involvement in the illicit trafficking of methamphetamine. However, without addressing that challenge, the BIA relied on that factual finding in its analysis of whether Garcia had the moral character necessary to warrant cancellation of removal. It simply explained that Garcia's recent "involvement in

1

the illicit trafficking of methamphetamine" alone outweighed all other considerations. That was legal error. The BIA cannot "ignore[] arguments raised by" Garcia when, as here, resolving those arguments was a necessary first step for its legal analysis. *Id.*

The majority dismisses this concern because the BIA stated it was "not persuaded by [Garcia's] appellate challenge to the [IJ's] denial of cancellation of removal because he did not possess the requisite good moral character." At best, however, this language and the rest of the BIA's opinion leave it ambiguous as to whether the BIA implicitly considered and rejected Garcia's challenge to the IJ's factual finding. Given that, I would remand for the agency to resolve Garcia's challenge. *See Afriyie v. Holder*, 613 F.3d 924, 935 (9th Cir. 2010) (remanding where court could not determine if BIA committed legal error), *overruled on other grounds by Bringas-Rodriguez v. Sessions*, 850 F.3d 1051 (9th Cir. 2017) (en banc); *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004) (explaining the BIA must "announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted"). For that reason, I would not reach the question of whether substantial evidence supported the IJ's finding.

2