NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 3 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE JORGE MARQUEZ ZAMORA,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.    21-70773<br><br>Agency No. A200-565-798<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 1, 2022**
Pasadena, California

Before: SILER,*** CALLAHAN, and H. THOMAS, Circuit Judges.

Jose Jorge Marquez Zamora, a native and citizen of Mexico, petitions for

review of a Board of Immigration Appeals ("BIA") dismissal of his appeal from an

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

immigration judge's ("IJ") decision denying his application for cancellation of removal for non-permanent residents under 8 U.S.C. § 1229b(b) and ordering him removed. We deny the petition for review in part and dismiss it in part for lack of jurisdiction.

1.    Pursuant to 8 U.S.C. §1229b(b)(1)(A), the Attorney General may cancel removal of a noncitizen if he can establish that he: "(1) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of application; (2) has been a person of good moral character during such period; (3) has not been convicted of certain criminal offenses, . . . ; and (4) that removal would result in exceptional and extremely unusual hardship to the [noncitizen's] spouse, parent, or child, who is a citizen of the United States or a lawful permanent resident." *Camacho-Cruz v. Holder*, 621 F.3d 941, 942 (9th Cir. 2010).

Although we "lack jurisdiction to review any discretionary judgment regarding [the] components of the granting of relief for cancellation of removal," we retain jurisdiction "to review whether an alien has met the 'ten years of continuous physical presence requirement because this is an objective, factual inquiry.'" *Gutierrez v. Mukasey*, 521 F.3d 1114, 1116 (9th Cir. 2008) (quoting *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 853 (9th Cir. 2003)). We review for substantial evidence the agency's factual determination that a petitioner has not

maintained ten years' continuous physical presence, meaning the "petitioner can obtain reversal only if the evidence compels a contrary conclusion." *Zarate v. Holder*, 671 F.3d 1132, 1134 (9th Cir. 2012).

The agency's determination that Marquez Zamora failed to establish physical presence "for a continuous period of not less than 10 years immediately preceding the date of [his] application" is supported by substantial evidence. *Gutierrez*, 521 F.3d at 1116–17 (quoting 8 U.S.C. § 1229b(b)(1)(A)). Petitioner's voluntary return to Mexico on November 17, 2010, broke his continuous physical presence, and Marquez Zamora did not accrue a new ten-year period before filing his application on September 17, 2017.

Marquez Zamora contends that his decision to accept voluntary return did not break his continuous physical presence because it was not knowing or voluntary. But substantial evidence supports the agency's rejection of that contention. This evidence includes a signed I-286 form, read to the Petitioner in Spanish by an immigration officer, memorializing Petitioner's election of voluntary departure, and Petitioner's testimony that he accepted voluntary departure because he thought it would make it easier to adjust status later and allow him to avoid further detention in the interim. *See Valadez-Munoz v. Holder*,

623 F.3d 1304, 1312 (9th Cir. 2010); *see also Gutierrez*, 521 F.3d at 1117.[1]

2. Petitioner claims that the agency "violated Petitioner's rights to due process by failing to act as a neutral fact finder and by failing to consider uncontested evidence created by the U.S. Government and Petitioner's credible testimony." Petitioner does not support this claim with any specific argument in his opening brief. Accordingly, his due process claim concerning the agency's denial of Petitioner's cancellation application is not colorable, *see Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259–60 (9th Cir. 1996), and we therefore lack jurisdiction over it. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

3. Petitioner contends that the agency applied the wrong legal standard in denying him pre-conclusion voluntary departure. There is no evidence in the record that Petitioner requested pre-conclusion voluntary departure before the IJ, nor did he seek remand from the BIA to the IJ to remedy any error concerning

---

[1] Petitioner makes an alternative—albeit irrelevant—argument that his Notice to Appear ("NTA"), filed on May 1, 2014, was deficient under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), and that it thus did not "stop time" on his re-accrual of continuous presence after he reentered on December 4, 2010, following his November 2010 voluntary departure. While the government concedes the deficiency of the NTA, it is undisputed that Marquez Zamora did not have ten years' continuous physical presence between reentering the United States in December 2010 after his voluntary return and filing his cancellation application on September 14, 2017, as required by 8 U.S.C. § 1229b(b)(1)(A). Accordingly, the question whether the NTA was sufficient to trigger the stop-time rule under *Pereira* and *Niz-Chavez* is not relevant to this petition.

4

denial of pre-conclusion voluntary departure. This claim is therefore unexhausted, and we dismiss it for lack of jurisdiction. *See, e.g.*, *Honcharov v. Barr*, 924 F.3d 1293, 1296 n.2 (9th Cir. 2019) (per curiam).

**PETITION DENIED in part; DISMISSED in part.**