NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES PAUL ANTONIO, Petitioner-Appellant, v. UNITED STATES OF AMERICA, Respondent-Appellee. | No. 22-16431 D.C. Nos. 4:16-cv-00341-CKJ 4:06-cr-02089-CKJ-BPV-1 MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted December 14, 2023
San Francisco, California

Before:  KOH, H.A. THOMAS, and DESAI, Circuit Judges.

James Paul Antonio ("Antonio") appeals the district court's order denying

his 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. The

district court concluded that Antonio's § 2255 motion was procedurally barred

because Antonio failed to show that the alleged instructional error caused actual

prejudice or that he was actually innocent. We have jurisdiction pursuant to 28

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

U.S.C. § 1291, and we affirm.

1. We review a district court's denial of a § 2255 motion de novo. *United States v. Seng Chen Yong*, 926 F.3d 582, 589 (9th Cir. 2019). Where a petitioner has procedurally defaulted on a claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the petitioner can first demonstrate cause and actual prejudice. *United States v. Braswell*, 501 F.3d 1147, 1149 (9th Cir. 2007). A petitioner who fails to show either cause or actual prejudice can still obtain review of a claim on collateral attack by demonstrating his or her actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). The petitioner bears the burden of overcoming a procedural default. *See Ellis v. Armenakis*, 222 F.3d 627, 632 (9th Cir. 2000).

2. Antonio was indicted and convicted on three relevant counts: assault with a machine gun resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6) (Count 1); assault with a dangerous weapon, in violation of 18 U.S.C. § 113(a)(3) (Count 2); and possession and use of a deadly weapon during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 3). After Antonio's conviction became final, the Supreme Court struck down or limited certain statutes that defined crimes of violence in different contexts. *See United States v. Davis*, 139 S. Ct. 2319 (2019); *Borden v. United States*, 141 S. Ct. 1817 (2021). In light of these cases, the parties here agree that Antonio's Count 1 offense is no longer a

valid predicate for his Count 3 conviction, but that the Count 2 predicate offense remains valid. Antonio's § 2255 motion argues that, because Count 1 is no longer a valid predicate, the trial court erred in instructing the jury that both Counts 1 and 2 served as valid predicate crimes of violence for Antonio's Count 3 conviction. For the reasons stated below, the district court did not err in finding that Antonio's § 2255 motion was procedurally barred because Antonio cannot show actual prejudice from the alleged instructional error.[1]

To show actual prejudice, a petitioner bears the burden of showing not merely that the alleged error created a possibility of actual prejudice, but that the alleged error worked to his actual and substantial disadvantage. *See Murray v. Carrier*, 477 U.S. 478, 494 (1986) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982); *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019) (quoting *Murray*, 477 U.S. at 494). An instructional error "is prejudicial (and thus § 2255 relief appropriate) if the error had substantial and injurious effect or influence in determining the jury's verdict." *United States v. Reed*, 48 F.4th 1082, 1088 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 1044 (2023). "[T]he judge asks as a matter of law whether there is grave doubt about whether an instruction on an invalid predicate substantially influenced what the jury already found beyond a reasonable

---

[1] The district court found that Antonio showed cause, which prevented Antonio from raising his claim on direct appeal. In this appeal, the government does not dispute that there was cause to excuse Antonio's default.

doubt." *Id.* at 1089 (emphasis removed). This standard is the same standard that a prisoner must meet on collateral attack to show that an error was not harmless. *Sifuentes v. Brazelton*, 825 F.3d 506, 534 (9th Cir. 2016) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993)).

In particular, jury instruction errors involving valid and invalid predicate offenses are harmless if the predicate offenses are "inextricably intertwined." *Reed*, 48 F.4th at 1090–91. Offenses are inextricably intertwined when one offense is so closely tied to another offense that the conduct cannot be meaningfully separated or disentangled from each other. *See id.* at 1091. For a § 924(c) conviction, predicate offenses are inextricably intertwined if no rational juror could find that the defendant carried or used a firearm in relation to one predicate but not the other. *Id.* at 1090 (citing *United States v. Cannon*, 987 F.3d 924, 948 (11th Cir. 2021)).

Here, the indictment and jury instructions make clear that the Count 1 predicate was inextricably intertwined with the Count 2 predicate. The indictment limits Count 1 and Count 2 to Antonio's shooting of Karenina Ignacio on November 12, 2006, a point Antonio concedes. The jury instructions for Count 3 required the jury to find that Antonio "committed the crime of assault as charged in count one of the indictment or assault . . . as charged in count two of the indictment." The jury instructions for each of Count 1 and Count 2 had as an

4

element "[t]he defendant intentionally shot Karenina Ignacio." In other words, the jury could not find Antonio guilty of Count 1 and Count 2 without finding beyond a reasonable doubt that Antonio intentionally shot Karenina Ignacio ("Karenina"), which Antonio agrees is conduct that can constitute a predicate crime of violence for a § 924(c) (Count 3) conviction. Together, the indictment and the jury instructions required the jury to base their verdict as to all three counts on the intentional shooting of Karenina on November 12, 2006. *See United States v. Reyes*, 660 F.3d 454, 468 (9th Cir. 2011) ("Jurors are presumed to follow the court's instructions.").

Moreover, the evidence introduced at trial focused on the Karenina shooting. Evidence included stipulated physician testimony that Karenina had been hit in the back by a bullet, which lodged in her liver, resulting in a severe bodily injury. The evidence also included a group of seven shell casings found in Karenina's yard. Antonio's arrest in Tucson, Arizona a few days later uncovered his possession of a black backpack containing the weapon (a Sten Mark 3 machine gun) and a magazine filled with 9mm. ammunition. Ballistic analysis also confirmed (and the parties stipulated) that the casings recovered from Karenina's front yard had been discharged from the same weapon. The evidence thus demonstrates that the predicate offenses were borne from the same event, the shooting of Karenina with a machinegun.

Lastly, the defense's closing arguments at trial also show that the jury based its verdict on Counts 1, 2, and 3 on Antonio's November 12, 2006 shooting of Karenina. Specifically, the defense directed the jury's attention to the shooting and repeatedly stated that, for Counts 1, 2, and 3, the only issue in dispute was whether Antonio shot Karenina intentionally. The defense repeatedly categorized the assault for Counts 1, 2, and 3 as Antonio's shooting of Karenina, not other non-shooting assaultive conduct as Antonio now contends on appeal. As to Count 3, the defense clarified that "in the final element . . . where it says he assaulted, that's the same thing as intentionally shot." Therefore, based on the defense's closing arguments the jury understood that the assault at issue for Counts 1, 2, and 3 was Antonio's shooting of Karenina, and the only issue in dispute was whether he did so intentionally.

Now on appeal, Antonio argues that the jury could have based its Count 3 conviction on other non-shooting assaultive conduct. Antonio argues that the jury could have convicted him of Count 3 based on Antonio allegedly placing a gun in Phyllisa Antonio's ("Phyllisa") mouth daily, which the government referenced in its opening statement. However, Antonio ultimately concedes that the trial court prohibited, and the jury never heard, testimony from Phyllisa that Antonio placed a gun in her mouth. The trial court instructed the jury to not consider the attorneys' statements and arguments as evidence in deciding the facts of the case, and jurors

6

are presumed to follow the trial court's instructions. *See Reyes*, 660 F.3d at 468. Next, Antonio argues that the jury could have convicted him based on a threatening letter Phyllisa received from Antonio on April 25, 2007, six months after the shooting took place and five months after Phyllisa spoke to police. Antonio also argues that Karenina's testimony that she was scared and apprehensive shortly before the shooting may have led the jury to base Count 2 or Count 3 on Karenina's apprehension of harm from a dangerous weapon and not the shooting itself. However, Antonio's assertions are belied by the record for the reasons discussed above.

Thus, there is no "grave doubt" that the jury based its verdict on anything other than Antonio's shooting of Karenina on November 12, 2006. *Reed*, 48 F.4th at 1089. Any error in instructing the jury as to one valid and one invalid predicate did not cause actual prejudice. Even if the alleged instructions were, in fact, erroneous, any such error was harmless for the same reasons that the error was not prejudicial. *See Sifuentes*, 825 F.3d at 534 (explaining that the actual prejudice standard is the same standard that a prisoner must meet on collateral attack to show that an error was not harmless).

3. Antonio concedes that our case law forecloses his argument that he is actually innocent. This court in *United States v. Gobert* held that § 113(a)(3), assault with a dangerous weapon with intent to do bodily harm, "is a crime of

7

violence under 18 U.S.C. § 924(c)(3)(A)" because it cannot be committed recklessly or negligently. 943 F.3d 878, 879 (9th Cir. 2019). The district court therefore correctly found Antonio's § 2255 motion to be procedurally barred because Ninth Circuit precedent precludes Antonio's actual innocence argument. *See Balla v. Idaho*, 29 F.4th 1019, 1028 (9th Cir. 2022) ("We are bound by the law of our circuit, and only an en banc court or the U.S. Supreme Court can overrule a prior panel decision.").

**AFFIRMED.**